**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TRACY CARROLL,**

                              **Plaintiff,**

     vs.                                                      **1:14-CV-00479**
                                                              **(MAD/ATB)**

**THE STATE OF NEW YORK and the NYS**
**DEPARTMENT OF CORRECTIONAL SERVICES,**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**OFFICE OF DENNIS F. IRWIN**            **DENNIS F. IRWIN, ESQ.**
428 Sandy Creek Road
Albany, New York 12205
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**               **RACHEL M. KISH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 25, 2014, Plaintiff commenced this action alleging that Defendants violated her

rights under Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5(e)(1). *See*

Dkt. No. 1. On August 22, 2014, Plaintiff amended her complaint. *See* Dkt. No. 11.

Currently before the Court is Defendants' motion to dismiss the amended complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12-1. On

September 23, 2014, Plaintiff filed a memorandum of law in opposition to Defendants motion to

dismiss. *See* Dkt. No. 15.

## II. BACKGROUND

Plaintiff at all times relevant herein was employed by Defendant the State of New York, and by Defendant New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 11 at ¶ 6. During her employment with Defendants, Plaintiff's position was as a Transitional Service Coordinator or Veteran's Coordinator. *See id.* at ¶ 8.

According to Plaintiff's amended complaint, between February 1, 2010 and April 18, 2012, while employed first at Mt. McGregor Correctional Facility for a ten-month period, and then at Great Meadow Correctional Facility, she was subjected to "acts of commission or omission, [and Defendants] acted towards [her], both directly and indirectly, in ways which were hostile, abusive, discriminatory, threatening, offensive, abusive and harassing, retaliatory, and sexually inappropriate." *See id.* at ¶¶ 13, 14. Plaintiff first contends that during her employment at Mt. McGregor Correctional Facility, between February 1, 2010, and December 2010, falsities were spread by and amongst the correctional officers regarding her preference in men because she was the mother of a biracial son. *See id.* at ¶¶ 13, 13(a). Plaintiff further alleges in her amended complaint that false rumors were spread by Defendants' employees that Plaintiff was engaging in inappropriate relations with inmates, "including inappropriate touching and providing contraband to inmates." *See id.* at ¶ 13(b). In March of 2010, Plaintiff filed a grievance with the Superintendent of the Correctional Facility regarding inappropriate conduct of Sgt. Michaels. *See id.* at ¶ 13(d). In her grievance, Plaintiff alleged that Sgt. Michaels stated the following: "I gave you a play. You fucked up and you better not fuck up again!" *See id.* During that same month, Plaintiff alleged that another employee made unwanted comments to Plaintiff that she felt "had a sexual innuendo." *See id.* at ¶ 13(f). Furthermore, during her employment at Mt. McGregor Correctional facility through December 2010, Plaintiff experienced threatening behavior from

Defendants' employees which allegedly prevented her from properly fulfilling her employment

duties and otherwise "creat[ed] a hostile workplace for her." *See id.* at ¶ 13(o).

In December of 2010, against her wishes, Plaintiff transferred from Mt. McGregor

Correctional Facility to Great Meadow Correctional Facility, where she continued to experience

discriminatory behavior from Defendants' employees between January 3, 2011, and April 18,

2012. *See id.* at ¶¶ 13(p), 13(q), 14. In March of 2011, Plaintiff was allegedly falsely accused of

engaging in a sexual relationship with an inmate. *See id.* at ¶ 14(a). Additionally, Plaintiff

alleged that during her employment at Great Meadow, specifically in and around August 25,

2011, Defendants' employees continuously exposed her to "excessive use of profanity" and

taunting. *See id.* at ¶¶ 14(b)–14(d). Plaintiff further alleges that in late 2011, her ability to carry

out her duties as a counselor were further hindered as both the correctional officers and others

assigned to work with Plaintiff refused to speak with her, and if they did speak to her, it was only

to harass or jeer at her. *See id.* at ¶¶ 14(e), 14(f). On February 3, 2012, Plaintiff received a

threatening letter in the mail which she immediately reported to the local police. *See id.* at ¶

14(h). Three days later, on February 6, 2012, Plaintiff reported an incident to the Great Meadow's

administration after she discovered that her office had been "ransacked, including items being

missing, her desk put in disarray and all the drawers had been ransacked," which frightened her

immensely. *See id.* at ¶ 14(i). Plaintiff contends that throughout her employment with

Defendants at Great Meadow, she continuously experienced a "hostile, discriminatory, retaliatory,

and sexually inappropriate work environment" stemming from the conduct of the Defendants'

employees. *See id.* at ¶ 14(t). The February 6, 2012 incident is the last occurrence of

discrimination that Plaintiff explicitly references in her amended complaint. *See id.* at ¶14(i).

On February 7, 2013, Plaintiff filed a claim with the Equal Employment Opportunity

Commission ("EEOC"), which referenced the discriminatory acts that were allegedly committed

between February 1, 2010, and April 18, 2012. *See* Dkt. No. 15 at 3. Plaintiff was then issued a

right-to-sue letter by the EEOC on January 24, 2014, upon which she commenced this action on

April 25, 2014. *See* Dkt. No. 11 at 10; *see* Dkt. No. 1.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v.

Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted).  In considering the legal

sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all

reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not

extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Although a court's review of a motion to dismiss is generally limited to the facts presented in the

pleading, the court may consider documents that are "integral" to that pleading, even if they are

neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.

Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d

147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the

claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

4

above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible

on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556

U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement

to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the

allegations in a complaint, however true, could not raise a claim of entitlement to relief,"

*Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from

conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Prior to bringing a Title VII claim in a New York federal court, the aggrieved individual

must file a complaint with the within 300 days of the events or occurrences giving rise to the

claim of discrimination. 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*,

536 U.S. 101, 104–05 (2002); *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74,

80 (2d Cir. 2003). Consequently, those claims that fall outside of this 300-day time period are

deemed time-barred and must be dismissed. *See Morgan*, 536 U.S. at 109. Furthermore,

"discrete discriminatory acts are not actionable if time barred, even when they are related to acts

alleged in timely filed charges." *Id.* at 113. However, in a Title VII action alleging a hostile work

environment, where at least one of the alleged acts of discrimination falls within the statutory

period, the court may apply the continuing violation doctrine, wherein the court will find that

those discrete claims that would ordinarily be time-barred are sufficiently related to an overall

unlawful employment practice or policy and thus will be considered. *See Patterson v. County of*

*Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004) ("To bring a claim within the continuing violation

exception, a plaintiff must at the very least allege that one act of discrimination in the furtherance

of the ongoing policy occurred within the limitations period") (citing *Cornwell v. Robinson*, 23 F.3d 694, 703–04 (2d Cir, 1994)); *see also Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir. 1993). In such a circumstance where the continuing violation doctrine applies, the court will then be permitted to consider "'the entire time period of hostile work environment . . . for the purposes of determining liability.'" *Patterson*, 375 F.3d at 220 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117). Where the claim that is brought is one alleging a hostile work environment resulting from sexual harassment, in order for the doctrine of continuing violation to apply, it must be shown that "while a harassing incident need not be overtly sex-based, there must be reason to believe that the act was motivated by the plaintiff's sex in order for the incident to contribute to a sexually hostile work environment." *Sanderson v. New York State Elec. & Gas Corp.*, 560 Fed. Appx. 88, 92 (2d Cir. 2014) (citing *Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002)).

**B.    Application**

In the present case, Plaintiff claims that the alleged acts of discrimination and sexual harassment by Defendants continued until April 18, 2012. *See* Dkt. No. 11 at ¶ 14. The pertinent 300-day period in this case ended when Plaintiff filed her complaint with EEOC, which was no earlier than February 7, 2013. *See* Dkt. No. 15 at 3. Thus, the 300-day statutory period for actionable claims of discrimination would have had to occur between approximately April 13, 2012, and February 7, 2013, a time period that both parties have agreed to. *See id.*; *see also* Dkt. No. 12-1 at 6. Although Plaintiff alleges that she experienced the discriminatory acts as alleged in paragraph 14 subsections b, g, j, k, l, n, o, t, u, v, in her amended complaint between April 13, 2012 and April 18, 2012, these allegations are too conclusory and fail to explicitly identify which acts of alleged discrimination occurred during that five-day time period. *See* Dkt. No. 15 at 3–4.

Throughout Plaintiff's amended complaint, she explicitly references the dates upon which she experienced alleged discriminatory acts, all occurring between March 2010, and February 6, 2012. *See* Dkt. No. 11 at ¶¶ 13(d), 14(i). Although Plaintiff contends that she experienced acts of discrimination from the Defendants until April 18, 2012, February 6, 2012, is the last is the latest date Plaintiff references in her amended complaint. *See id.* at ¶ 14(i).

Although Plaintiff indicated in her amended complaint and in her memorandum of law in opposition to Defendants' motion to dismiss that Defendants' employees continued to violate her rights under 42 U.S.C. § 2000e-5(e)(1), until April 18, 2012, she fails to explicitly reference any acts of discrimination in her amended complaint that occurred after February 6, 2012. *See id.* at ¶¶ 14, 14(i). Thus, Plaintiff's argument that the continuing violation doctrine should be applied by the Court fails, as she does not provide the Court with any specifics acts of discrimination that occurred within the statutory 300-day time period. In order for the Court to apply the continuing violation doctrine, Plaintiff would have had to show that at least one of the alleged discriminatory acts occurred within the 300-day statutory period. *See Sanderson*, 560 Fed. Appx. at 90 ("With respect to a claim that the plaintiff suffered a hostile work environment . . . the claim is timely 'so long as one act contributing to the claim occurred within the statutory period.' . . . then 'the entire time period of the hostile environment may be considered by the court for . . . determining liability'") (quoting *Patterson*, 375 F.3d, at 220). Thus, Plaintiff's failure to make reference to any discriminatory act occurring on or after April 13, 2012, in her amended complaint renders the doctrine of continuing violation inapplicable.

Plaintiff again alleges in her affidavit in opposition to Defendants' motion to dismiss, that between February 6, 2012, and April 18, 2012, Defendants continuously failed to investigate the incident that she alleged in paragraph 14i of her amended complaint. *See* Dkt. No. 15 at ¶ 11.

Again, however, this conclusory allegation in which Plaintiff fails to identify any specific conduct that occurred within the 300-day time period is insufficient to plausibly suggest that her claims are timely. *See Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 444-45 (E.D.N.Y. 2013) (citations omitted); *see also Meadors v. Ulster County*, 984 F. Supp. 2d 83, 91 (N.D.N.Y. 2013) ("Plaintiffs' attempts to salvage these untimely claims under the continuing violation doctrine fail because Plaintiffs have offered nothing more than the conclusory statement that Defendants have maintained 'systematic motivations and methods [of discrimination], including the conscious denial of receiving complaints and knowing refusal to take action'"); *Deras v. Metropolitan Transp. Auth.*, No. 11–CV–5912, 2013 WL 1193000, *7 (E.D.N.Y. Mar. 22, 2013) (finding that the plaintiff's conclusory allegations were insufficient to trigger the continuing violation doctrine); *Askew v. New York*, No. 09–CV–553, 2013 WL 450165, *7 (N.D.N.Y. Feb. 6, 2013) (holding that the plaintiff's arguments and conclusory allegations were insufficient to "warrant application of the continuing violation doctrine").

Although Plaintiff has not requested leave to replead in response to Defendants' motion, the Court will permit Plaintiff one final opportunity to file an amended pleading. If Plaintiff fails to file her proposed second amended complaint within fourteen (14) days of the date of this Memorandum-Decision and Order, this matter will be closed and judgment entered in Defendants' favor, without further order of this Court.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Defendants motion to dismiss Plaintiff's amended complaint is **GRANTED**; and the Court further

8

**ORDERS** that Plaintiff shall file her proposed second amended complaint within

**fourteen (14) days** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file a proposed second amended complaint within

fourteen (14) days from the date of this Memorandum-Decision and Order, the Clerk of the Court

shall enter judgment in Defendants' favor and close this case, without further order of the Court;

and the Court further

**ORDERS** that the Clerk of the Court shall serve of copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge